IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| J. Ruth Phillips, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Radius Global Solutions, LLC, a | ) | |
| Minnesota limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, J. Ruth Phillips, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, J. Ruth Phillips ("Phillips"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which she allegedly owed to Capital One Bank.

4. Defendant, Radius Global Solutions, LLC ("Radius"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt

to collect, defaulted consumer debts. Defendant Radius operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant Radius was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. On July 10, 2019, Ms. Phillips and her husband filed a Chapter 7 bankruptcy petition in a matter styled In re: Phillips, N.D.Ala.Bankr. No. 19-82077-CRJ7. Among the debts listed on Schedule E/F of Ms. Phillips' bankruptcy petition was a debt that she allegedly owed to Capital One Bank, see, excerpt of Schedule E/F, attached as Exhibit A.

6. Accordingly, on July 12, 2019, Capital One Bank was sent notice of the bankruptcy by the court, via electronic transmission, see, Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit B.

7. On October 9, 2019, Ms. Phillips received a discharge of her debts, and on October 10, 2019, Capital One Bank was sent, via electronic transmission, notice of the discharge by the court, see, the Certificate of Service to the Order of Discharge, which is attached as Exhibit C.

8. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant called Ms. Phillips, including a telephone call at the end of December, 2019, to demand payment of the Capital One Bank debt. Ms.

Phillips advised Defendant that she had filed for bankruptcy and that the Capital One debt hand been included in her bankruptcy. Ms. Phillips gave Defendant her attorney's contact information.

10. Defendant then sent Ms. Phillips a collection letter dated December 27, 2019, demanding payment of the Capital One Bank debt she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit D.

11. Defendant's violations of the FDCPA were material because Defendant's continued collection communications after she had filed for bankruptcy made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Moreover, Defendant's collection actions alarmed, confused and distressed Ms. Phillips.

12. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the

collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is no longer owed due to a bankruptcy constitutes the use of false and/or deceptive or misleading representations or means in connection with the collection of a debt, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notices issued by that court (Exhibits B and C), as well as the phone call with Radius, provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment, despite the bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

21. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, J. Ruth Phillips, prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Phillips, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, J. Ruth Phillips, demands trial by jury.

        J. Ruth Phillips,

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

        By: /s/ Ronald C. Sykstus_____
        One of Plaintiff's Attorneys

Dated: January 17, 2020

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com